FILED'08 AUG 19 13:06USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHAN TINN, an individual,

                              Plaintiff,

        v.

EMM LABS, INCORPORATED, a Canada
corporation,

                    Defendant.

Civ. No. 07-963-AC

OPINION AND ORDER

_____

ACOSTA, Magistrate Judge:

        Currently before the court is defendant EMM Labs, Inc.'s ("EMM"), motion to dismiss for

improper venue.  EMM argues that venue is improper in this court because the parties' agreement,

if one exists, specifies exclusive venue in Calgary, Alberta, Canada, for resolution of any litigation

relating to the contract.  For the reasons stated below, the court denies EMM's motion.[1]

*Background*

Jonathan Tinn ("Tinn") asserts a breach of contract claim and a second claim for misrepresentation against EMM, a Canadian company that designs and manufactures high-end audio equipment.  Tinn's original complaint, filed June 29, 2007, contained a caption that described the nature of his suit as "Breach of Contract."  In that complaint, Tinn alleged "[v]enue in this district is proper under 28 USC § 1391(a) because a substantial part of the events giving rise to the claim arose in this district."  The complaint set forth a single claim for relief entitled "Breach of Contract," which contract Tinn alleged the parties "entered into . . . on or about October 10, 2006, for valuable consideration containing the following essential material terms . . . ."  (Complaint ("Compl.") 2.) The complaint then listed a number of specific and detailed terms alleged to be included in the contract, including specification of various commission percentages, descriptions of obligations for shipping and duties for sales within the United States, FOB obligations for international sales, and an award of attorney fees to the prevailing party in any dispute arising from the alleged contract. Nowhere in the complaint did Tinn allege, expressly or implicitly, that the contract was oral.

EMM filed its answer on August 29, 2007.  Among its responses, EMM admitted Tinn's assertion of proper venue in this court.  (Answer (#8) 1.)  EMM's affirmative defense claimed entitlement to a set off for commissions it actually had paid to Tinn.  EMM asserted no defense related to jurisdiction or venue in its answer.  On December 13, 2007, EMM filed an amended answer to the original answer a counterclaim against Tinn for breach of contract, but which

---

[1] The parties have consented to jurisdiction by magistrate judge pursuant to 28 U.S.C. § 631(c)(1).

otherwise left the assertions in the original answer unchanged, including the admission of proper

venue in this court.  EMM asserted no defense to jurisdiction or venue in its amended answer.

On January 7, 2008, Tinn filed his reply to EMM's amended answer.  For the first time, Tinn

expressly stated his reliance on an oral contract with EMM.  Specifically, Tinn "admit[ted] there was

an oral contract between Tinn and EMM . . . ."  (Plaintiffs ("Pl.'s") Reply (#21) 1.)  Tinn's reply also

reasserted many of the alleged contract's terms he had previously asserted.

On April 15, 2008, EMM filed its second amended answer, which included a number of

affirmative defenses not previously asserted.  One of these defenses asserted improper venue, even

though Tinn had not expressly alleged the existence of a written contract and, in fact, had expressly

admitted that his agreement with EMM was oral.  Specifically, EMM alleged:

> To the extent that plaintiff alleges the existence of a contract consistent with the
> terms of the draft written agreements exchanged between the parties, the courts of the
> State of Oregon are not a proper venue for plaintiff's action as the draft agreement
> contain exclusive venue provisions calling for venue in Canada.

(Second Amended Answer (#69) 3.)  EMM's second amended answer, however, repeated its prior

two admissions of proper venue in this court.  EMM also asserted a new counterclaim in which it

alleged Tinn violated the Lanham Act, and further alleged that this court had jurisdiction over both

of its counterclaims.

When EMM filed its second amended answer in April 2008, it already had actively

participated in litigating the case for ten months.  In addition to procedural matters such as

stipulating to extend various deadlines, filing a Rule 26(a)(1) agreement, stipulating to a protective

order, consenting to jurisdiction by magistrate judge, and participating in scheduling conferences,

EMM engaged in substantive matters such as opposing Tinn's two separate motions to compel,

opposing Tinn's motion to disqualify, opposing Tinn's motion to remove certain documents from the protective order's coverage, and changing to different legal counsel. EMM also participated in a trial-setting conference at which the court set a five-day jury trial to begin in January 2009 and reset the dates for the close of discovery, filing of dispositive motions, and completion of expert discovery.

On April 17, 2008, Tinn filed his first amended complaint. This complaint added a second claim, for fraud, but left undisturbed Tinn's original breach of contract claim, with one exception: Tinn now claimed that the parties entered into their contract "in 2005," rather than "on or about October 10, 2006," as he originally alleged. (First Amended Compl. (#73) 2.) As in his initial complaint, nowhere in the First Amended Complaint did Tinn allege, expressly or implicitly, that the contract was oral.

On May 5, 2008, EMM filed its answer to Tinn's first amended complaint. In this answer, EMM denied proper venue in this court, asserted an affirmative defense of improper venue, and reasserted its two counterclaims against Tinn. EMM again alleged that this court had jurisdiction over both of its counterclaims.

During discovery, EMM served interrogatories on Tinn. In its Interrogatory No. 1, EMM asked Tinn to "set forth each term or provision of the contract." In his May 19, 2008, answer, Tinn stated:

> The terms are those contained in the draft agreement immediately preceding a June 28, 2006 e-mail from Susan Meitner [EMM's CFO] and James Artiano [EMM's outside legal counsel] with a copy to Andreas Koch [an EMM Vice-President at that time], copy of which is in the possession of defendant's counsel . . . .

(Weiss Declaration, June 9, 2008, Exhibit ("Ex.") 1 at 2.)

On June 9, 2008, EMM filed its motion to dismiss for improper venue. EMM identified the draft agreement Tinn referenced in his interrogatory answer and noted that the draft agreement "contains a provision requiring that any litigation arising out of the agreement be brought in Calgary." (Defendant's Memorandum in Support of Motion to Dismiss for Improper Venue, ("Def.'s Mem.") 5.) EMM principally contended that its motion timely raised the venue defense because Tinn's interrogatory answer was the first clear notice that he based his contract claim on a written agreement, which agreement contained an exclusive venue provision for dispute resolution. (Def.'s Mem. 8-9.)

On July 15, 2008, Tinn served a supplemental answer to Interrogatory No. 1, in which he changed the date of the parties' alleged agreement. Specifically, Tinn stated that "EMM and Tinn entered into an oral agreement in the end of October or early November 2005." (Plaintiff's Submission Pursuant to Court Order Dated July 16, 2008 ("Pl.'s Submission"), Ex. A at 3.) Tinn then detailed the agreement's terms, including that "any problems or disputes would be resolved pursuant to Oregon law." *Id.* at 3-4. Tinn explained that the change of the agreement's date to one year earlier than the date he previously identified comported with his June 25, 2008, deposition testimony. *Id.* at 2-3.

*Standards*

Federal Rule of Civil Procedure ("Rule") 12(b) states that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (3) improper venue . . . ." FED. R. CIV. P. 12(b). An improper venue defense is waived if not included in a responsive pleading or not raised by motion filed in accordance with Rule 12's requirements. FED R. CIV. P. 12(h)(1). "A defendant must object

to venue by motion or in his answer to the complaint or else his objection is waived." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing FED. R. CIV. P. 12(h)). The rule applies only to defenses "available" at the time of a defendant's first defensive move. *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983). However, the Ninth Circuit "has construed these provisions strictly, observing that '[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived.'" *Boston Telecommunications Group, Inc. v. Deloitte Touche Tohmatsu*, 2007 WL 2827681, at *2 (9th Cir. 2007), citing *American Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104, 1106 (9th Cir. 2000).

*Discussion*

EMM argues that it had no reason to assert an improper venue defense because it did not know and could not have known until Tinn's May 2008 interrogatory answer that Tinn's alleged contract was based on one of the written drafts which specified Canada as the exclusive venue for resolving disputes over the alleged agreement. EMM contends that until then, Tinn's action was based upon "breach of an alleged *oral* contract." (Def.'s Mem. 2 (emphasis in original).) EMM claims that Tinn's interrogatory admission implicated the venue issue for the first time in May 2008, and, therefore, EMM did not waive its venue defense by not asserting it earlier. (Defendant's Reply Memorandum in Support of Motion to Dismiss ("Def.'s Reply") 4-5.)

EMM's argument is unavailing. First, Tinn's original and amended complaints expressly alleged venue as proper in this court and EMM affirmatively admitted those allegations in both its original and amended answers. Furthermore, after each admission, EMM engaged in substantial activity in the case, including scheduling conferences, discovery, and motion practice, for a total of

ten months before it first asserted improper venue. EMM's admissions of venue and active litigation of the case waived its venue defense.

Second, Tinn's original complaint put EMM on notice of a possible venue defense, as the complaint clearly and expressly alleged a claim for breach of contract without an express or implied reference to an oral agreement. In short, Tinn's original complaint contained allegations that put EMM on notice that a venue defense was possible, and under Rule 12(b) required EMM to assert a venue defense or file a Rule 12(b)(3) motion. *See Boston Telecommunications Group*, 2007 WL 2827681, at *2 (reversing district court and finding defendant waived personal jurisdiction defense by not including it with motion attacking sufficiency of process, because plaintiff's attempt to serve defendant made defendant "sufficiently aware" of plaintiff's complaint and jurisdictional choice to file a motion challenging personal jurisdiction), and *Glater*, 712 F.2d at 738 (observing that venue defense is available if the complaint puts defendant on notice that plaintiff's residence is "at least questionable.").

Furthermore, the factual context within which Tinn asserts his breach of contract claim reinforced that venue was a possible issue. EMM had an employment relationship with Tinn before he filed his complaint. EMM, at numerous times, proposed written agreements to Tinn intended to memorialize that professional relationship. Many of those draft agreements included provisions specifying exclusive jurisdiction in Canada for resolving any disputes between the parties, a provision sufficiently important to EMM such that EMM "needed to have" it as part of any agreement with Tinn. (Pl.'s Submission, Ex. C at 22.) These facts, coupled with the specificity and detail of the allegations in Tinn's original and amended complaints, which suggest possible reliance on a written agreement, and the complaints' lack of express or implicit allegation of an oral

7

agreement, put EMM on notice that venue could be an issue and should be preserved as a defense.

On this point, EMM's pleadings undermine its argument that it could not have known to assert the venue defense earlier. When EMM asserted its improper venue defense in its April 15, 2008, amended answer to Tinn's complaint and again in its May 5, 2008, answer to Tinn's first amended complaint, the pleadings established that Tinn's alleged agreement was oral; Tinn had expressly admitted this in his January 2008 reply, but EMM nonetheless asserted an improper venue defense. Furthermore, EMM raised the venue defense one month before Tinn served his May 2008 answer to Interrogatory No. 1, in which he identified for the first time a draft written agreement as a basis for his contract claim. If, in April 2008, EMM had sufficient concern about proper venue when an oral agreement was then the sole identified basis for Tinn's breach of contract claim, EMM had reason to assert an improper venue defense ten months earlier, when Tinn's complaint stated only a single claim for "breach of contract," asserted numerous specific alleged terms, and made no express or implied reference to an oral agreement.

The cases upon which EMM relies are distinguishable on their facts from the facts of this case. *Holzsager v. The Valley Hospital*, 646 F.2d 792 (2d Cir. 1981), involved defendant's assertion of jurisdiction following a Supreme Court decision that changed the law and made the defense available to the defendant. In *Engel v. CBS, Inc.*, 886 F. Supp. 728 (C.D. Cal. 1995), an amendment that changed 28 U.S.C. § 1391(a) altered the criteria for proper venue. The plaintiff's complaint in *Glater* affirmatively alleged plaintiff to be a resident of a different state than the state in which she actually resided; when, during discovery, defendant learned of the plaintiff's true state of resident, it promptly raised the venue issue.

Here, there is no change in the law during the case that gave rise to EMM's venue defense.

8

Factually, from the outset Tinn alleged a breach of contract claim arising from his employment relationship with EMM, and he has maintained this claim throughout the lawsuit. He made no allegation that his contract was oral but he did affirmatively allege that venue was proper in Oregon. Particularly in light of the Ninth Circuit's directive to strictly construe the availability of Rule 12 defenses, Tinn's clear allegations of breach of contract and proper venue put venue squarely at issue and, given the facts of the parties' relationship and dealings, put EMM on notice that a venue defense was possible and should have been preserved. By not raising its venue defense until ten months after Tinn filed is complaint, EMM waived its opportunity to assert the defense.

Because the court finds that EMM waived the venue defense, it does not reach the question of whether Tinn's supplemental answer to Interrogatory No. 1, which changed his original answer to Interrogatory No. 1 regarding the date he formed his alleged contract with EMM, is admissible to refute EMM's contention that Tinn's alleged contract contained a provision requiring venue in Canada. EMM's waiver occurred before Tinn served either interrogatory answer on EMM, making them irrelevant to EMM's motion. That testimony, however, may find relevance later in the case, should this matter proceed to trial.

*Conclusion*

EMM's motion to dismiss for improper venue (#91) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of August, 2008.

JOHN V. ACOSTA
United States Magistrate Judge

9